

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WALDO PEREYDA, §
§
Plaintiff, §
§
v. §  CIVIL ACTION NO. 3-08CV2029-L
§
NARSTCO, INC. §
§
Defendant. §

## NOTICE OF REMOVAL

Defendant NARSTCO, Inc. ("Defendant") notifies the Court, pursuant to 28 U.S.C. §§1441

and 1446(a), of the removal of the action styled *Waldo Pereyda v. Narstco, Inc.*, Cause No. 77338,

filed in the District Court of Ellis County, Texas, 40th Judicial District (the "State Court Action").

Defendant removes this case on the grounds of federal question jurisdiction, 28 U.S.C.

§ 1331, and state as follows:

1.      Plaintiff filed the State Court Action on October 10, 2008, in the 40th Judicial District

Court of Ellis County, Texas.  Defendant was served with process, including a copy of Plaintiff's

Original Petition in the State Court Action (the "Petition"), on October 15, 2008, when Defendant's

registered agent for service of process was served.  Removal is timely in that no more than 30 days

have elapsed since the Petition was served.  *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti

Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

2.      In accordance with Local Rule 81.1, copies of all process, pleadings, and orders in the

State Court Action have been indexed and are attached to this Notice of Removal as shown below:

> Exhibit A-    An index of documents filed in the State Court Action and a copy of
> each document filed in the State Court Action.
>
> Exhibit B-    A copy of the docket sheet in the State Court Action.

**NOTICE OF REMOVAL — Page 1**

Exhibit C-    A separately signed certificate of interested persons.

3.    Plaintiff's Petition in the State Court Action alleges that Defendant violated two federal statutes: (1) "the Equal Employment Opportunities Act,"[1] 42 U.S.C. §§2000e-2000e-17 and (2) 42 U.S.C. §1981. *Petition* ¶¶ 16-17. Those claims give the Court original jurisdiction over this cause under 28 U.S.C. §1331 because the claim arises under the Constitution, laws, or treaties of the United States, and thus presents a federal question.

4.    The Petition also asserts state-law claims for violation of the Texas Commission on Human Rights Act (Chapter 21 of the Texas Labor Code) and for assault, intentional infliction of emotional distress, and breach of contract. *See id.* ¶¶ 16-20. The state-law claims Plaintiff asserts are removed as part of the case as a whole and may be retained by the Court pursuant to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367; *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163-66 (1997).

5.    The factual allegations made in this pleading will be supported by affidavit or other summary-judgment-type evidence should the Court so request. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (facts supporting removal ordinarily should be set out in the removal petition and the Court can later require summary-judgment-type evidence should questions about jurisdiction remain); *see also Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

6.    This action may be removed to the United States District Court for the Northern District of Texas, Dallas Division, because the action is pending in Ellis County, Texas, which is within the jurisdiction of the Dallas Division. *See* 28 U.S.C. §§ 124(a)(1), 1446(a).

---

1 Although Plaintiff's Original Petition refers to the Act as the "Equal Employment Opportunities Act," the correct title of the Act is "Title VII of the Civil Rights Act of 1964." Plaintiff appears to have confused the title of the Act with the administrative agency that enforces the Act: the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-4

7. Defendant will give written notice of the filing of this Notice to Plaintiff and will file a copy of this Notice with the Clerk of the state court pursuant to 28 U.S.C. § 1446(d).

8. Defendant therefore removes the State Court Action to this Court, and requests that the Court issue any orders necessary to stay proceedings in the State Court Action and assume jurisdiction over this action for all purposes.

Dated: November 13, 2008.

---

(2008) (creating the Equal Employment Opportunity Commission).

**NOTICE OF REMOVAL — Page 3**

Respectfully submitted:

*Andrea Hyatt*

Andrea Hyatt
    Texas Bar No. 24007419
Marc H. Klein
    Texas Bar No. 11563012

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201-2533
Telephone: (214) 969-1577
Facsimile: (214) 880-3209

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2008, the foregoing document was served by certified

mail, return-receipt requested, on plaintiff's counsel of record:

John E. Schulman
Margaret K. Schulman
The Schulman Law Firm, P.C.
6440 North Central Expressway, Ste. 210
Dallas, TX 75206

*Andrea Hyatt*

Andrea Hyatt

**NOTICE OF REMOVAL — Page 4**



## INDEX OF DOCUMENTS FILED IN STATE COURT ACTION

| <u>Tab</u> | <u>Document</u> | <u>Date Filed</u> |
|------|----------|-----------|
| 1. | Plaintiff's Original Petition | October 10, 2008 |
| 2. | Executed Citation to NARSTCO, Inc. | October 16, 2008 |
| 3. | Defendant's Original Answer | November 10, 2008 |

999999 999999 DALLAS 2420983.1



COPY

CAUSE NO. 77338

| | | |
|---|---|---|
| WALDO PEREYDA, | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| | § | |
| | § | 40 JUDICIAL DISTRICT |
| **vs.** | § | |
| | § | |
| | § | |
| NARSTCO, INC., | § | ELLIS COUNTY, TEXAS |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Waldo Pereyda, and hereby files this, his Original Petition complaining of Defendant NARSTCO, Inc. In support of his claims, Plaintiff respectfully states:

### I.
### DISCOVERY CONTROL PLAN: LEVEL 3

1.     This suit should be governed by a discovery control plan under Level 3, Rule 190.1 of the Texas Rules of Civil Procedure, designed to suit the needs of this particular case.

### II.
### INTRODUCTION

2.     This is a civil rights case alleging unlawful racial discrimination and unlawful retaliation. Plaintiff also alleges that he was assaulted on multiple occasions and subjected to intentional infliction of emotional distress. Plaintiff also alleges that his Employment Agreement was breached by Defendant.

### III.
### PARTIES

3.     Plaintiff Waldo Pereyda is an Hispanic American male, and is an adult individual who resides in Ennis, Ellis County, Texas.

PLAINTIFF'S ORIGINAL PETITION                                      Page 1 of 8

4.      Defendant NARSTCO, Inc., is a Texas corporation which at all times relevant to this lawsuit was licensed to do business in the state of Texas. Defendant may be served with process by serving its registered agent, Mr. Jerry R. Gibson, Jr., 700 North Pearl Street, 25th Floor, Dallas, Texas 75201. Defendant is in the business of manufacturing steel railroad ties and accessories.

## IV.
## JURISDICTION AND VENUE

5.      The state courts of Texas have general jurisdiction over this lawsuit. Venue is proper in Ellis County, because all or a substantial part of the acts or omissions giving rise to the claims occurred in Ellis County, and because Defendant has its principal place of business in Ellis County, Texas.

## V.
## PROCEDURAL HISTORY

6.      Plaintiff Pereyda filed a timely charge of discrimination and subsequently received notice of his right to file a lawsuit on August 11, 2008. Plaintiff Pereyda has therefore satisfied all the prerequisites for filing this lawsuit. This suit has been timely filed.

## VI.
## STATEMENT OF FACTS

7.      At all times relevant to this action, Plaintiff Pereyda was an employee of the Defendant NARSTCO, Inc.

8.      Plaintiff was originally hired to work for Defendant as a temporary employee. Upper management considered him to be extremely reliable and honest and he was ultimately hired as a regular employee. Plaintiff worked on a production line supervised by Mr. David Stewart.

9.      Supervisor Stewart is a white-Anglo male. He was known by upper management to assign the dirtiest and least desirable jobs to Waldo Pereyda, Hispanic, and co-worker Maldonado Davenport, who is African-American, but that discriminatory practice never stopped. It was reported to upper management that Supervisor Stewart referred to the Plaintiff as a "dumb, fat Mexican" and to Maldonado Davenport as a "lazy nigger," but Stewart never stopped using racial slurs. Supervisor Stewart was also known by upper management to lie specifically about whether Plaintiff was stirring up trouble and complaining about holiday hours. (It was Supervisor Stewart himself who was complaining). Supervisor Stewart was, in fact, known by upper management to lie repeatedly.

10.     While Plaintiff was still employed, co-owner Sean Keightly was asked to authorize diversity training at the Midlothian plant. This request was made, in part, because of the known racist behavior by Supervisor David Stewart. Mr. Keighty's response was *"That crap is not necessary here."*

11.     Beginning on or about April 10, 2007, and continuing until Plaintiff's termination, Supervisor David Stewart engaged in a barrage of verbal and physical tortious misconduct and racial harassment of Plaintiff Waldo Pereyda. The verbal harassment included calling Plaintiff Pereyda a *"stupid wetback,"* a *"big dumb-ass Mexican,"* *"South of the Border,"* a *"Shreck wetback,"* *"good for nothing wetback - a bitch is smarter than you,"* a *"red bloody tampon,"* a *"dumb Mexican,"* a *"stupid fuck,"* and a *"stupid wetback."* He also told Plaintiff Waldo Pereyda that he and Mr. Keightly had decided *"not to hire any more wetbacks."* He frequently made racist remarks about Mexicans and blacks in general. Supervisor Stewart engaged in similar verbal racist abuse directed towards Maldonado Davenport, but not did direct similar verbal abuse towards white-Anglo employees.

12.     The barrage of harassment directed at Plaintiff Waldo Pereyda by Supervisor Stewart was physical as well as verbal including, but not limited to, the following specific examples:

- Supervisor Stewart repeatedly made gestures with his hands and body indicating that he wanted to engage in sexual acts with Plaintiff.

- Supervisor Stewart approached Plaintiff from his blind eye side on more than one occasion and pushed a crowbar towards and up and into the cleft of Plaintiff's buttocks.

- Supervisor Stewart manipulated the controls on the punch press so that Plaintiff was sprayed with coolant.

- Supervisor Stewart made a noose, showed it to Plaintiff and attempted to lasso him with it.  (When that effort failed, Stewart released the noose, and then caught and hog-tied African-American employee Maldonado Davenport, lifted him off of the floor, then dropped him to the floor while Maldonado was still hog-tied.)

- Supervisor Stewart slapped and grabbed Plaintiff on the buttocks on several occasions.

- Supervisor Stewart threw heavy metal slugs and banding clips at Plaintiff, at times, striking Plaintiff's body.

- Supervisor Stewart sprayed Plaintiff's shirt and pants in the buttocks area with spray paint.

- Supervisor Stewart sprayed WD-40 on Plaintiff while Plaintiff was working under a table.

- Supervisor Stewart ordered Plaintiff to clean the inside of the spade press while it was still turned on.

- Supervisor Stewart sprayed Fastenal SharpCool Synthetic Fluid mixture on Plaintiff, aiming towards his eyes, knowing that Plaintiff was already blind in one eye.

- Supervisor Stewart ordered Plaintiff to take the last piece of product off the crop (cutting) press while the press was still operating.

- Supervisor Stewart tried to place a dead rat down the front of Plaintiff's shirt.

- Supervisor Stewart ordered Plaintiff to remove his safety equipment and use a metal torch to cut scrap metal, which resulted in Plaintiff suffering burns on his scalp and arms.

- Supervisor Stewart put hot metal shavings down Plaintiff's back.

- Supervisor Stewart insisted that Plaintiff, a diabetic who needed to keep his feet dry, work in the rain.

- Supervisor Stewart pinched Plaintiff's nipples.

As evidenced by the partial list above, harassment of Waldo Pereyda by Supervisor Stewart was severe and pervasive.

13. Supervisor Stewart engaged in similar racist and tortious physical misconduct directed towards other minority employees but not white-Anglo employees. Seeing and hearing the barrage of harassment by Supervisor Stewart, some other employees also engaged in verbal and physical racial harassment of Plaintiff and other minority employees, adding to the hostile working environment suffered by Plaintiff and other minorities.

14. On or about September 27, 2007, Plaintiff filed a written complaint with the Equal Employment Opportunity Commission. The next day Plaintiff returned to work and advised management that he had filed a discrimination charge. He was fired that same day based upon falsified charges of misconduct on his part.

15. Plaintiff was employed pursuant to a written Employment Agreement which provided that if he was terminated "without cause," he was entitled to severance pay. Plaintiff was terminated without any just or sufficient cause and he was denied his severance pay.

## VII.
## CLAIMS

### Race Discrimination

16. As alleged above in substantial detail, Plaintiff Pereyda was the victim of many months of on-going discrimination and harassment in violation of the Equal Employment Opportunities Act, 42 U.S.C. §§2000e-2000e-17, the Texas Commission on Human Rights Act, Chapter 21, Texas Labor Code, and 42 U.S.C. §1981.

**Unlawful Retaliation**

17.     As alleged above in substantial detail, Defendant also violated the Equal Employment Opportunities Act 42 U.S.C. §§2000e-2000e-17, the Texas Commission on Human Rights Act, Chapter 21 Texas Labor Code, and 42 U.S.C. §1981, by retaliating against Plaintiff Pereyda because he opposed discrimination at his workplace.

**Assault**

18.     As alleged above in substantial detail, on multiple occasions, Defendant's supervisor, using the authority of his office, committed the tort of offensive physical contact upon Plaintiff's person. Defendant is responsible for each and every incident of that tortious misconduct.

**Intentional Infliction of Emotional Distress**

19.     The relentless verbal and physical acts of misconduct by Supervisor David Stewart as alleged above were outrageous and of such a nature that they should not be tolerated in a civilized society. The misconduct was intended to cause and did cause Plaintiff to suffer from severe emotional distress. Defendant is therefore responsible for the tort of intentional infliction of emotional distress.

**Breach of Contract**

20.     As alleged above in substantial detail, Defendant breached Plaintiff's Employment Agreement by terminating Plaintiff without cause.

**VIII.**

**EXEMPLARY AND PUNITIVE DAMAGES**

21.     Defendant has acted with conscious indifference to the rights, safety, or welfare of the Plaintiff Waldo Pereyda and with actual subjective awareness that its conduct would likely cause harm to the Plaintiff. Alternatively, Defendant acted with the degree of malice necessary to

support an award exemplary and punitive damages and such damages should be awarded in this case for the good of the public to make an example of Defendant and to punish Defendant for its malicious misconduct.

## IX.

## REQUEST FOR DISCLOSURE

22.     Plaintiff requests that, pursuant to Tex. R. Civ. P. 194, Defendant disclose, within 50 days of service of this request, any information or material described by Texas Rule of Civil Procedure 194.2.

## X.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited appear and answer the allegations in this Petition and that upon trial of this matter, that he be granted the following relief:

a)    economic damages;

b)    reinstatement or front pay;

c)    back pay;

d)    loss of earning capacity;

e)    damages for emotional distress and loss of enjoyment of life;

f)    damages for physical distress and pain;

g)    punitive damages;

h)    exemplary damages;

i)    attorney's fees and costs;

j)    equitable injunctive relief; and

k)    any such further relief as this Court may deem just and proper.

Respectfully submitted,

John E. Schulman
SBN 17833500
Margaret K. Schulman
SBN 17833900
THE SCHULMAN LAW FIRM, P.C.
6440 North Central Expressway, Ste 210
Dallas, Texas 75206
214-361-2580 telephone
214-361-6580 facsimile
jschulman@schulmanlaw.com
COUNSEL FOR PLAINTIFF

**THE STATE OF TEXAS**
**COUNTY OF ELLIS**
CAUSE NO: 77338
**CITATION**

*REC'D*
*3:00 PM*
*10-14-08*
*3:15 PM*
*10-14-08*
*MF*

*FILED FOR REC* **ORIGINAL**
*2008 OCT 16 PM 1:18*

*10-15-08*
*9:55 AM*
*SERVED*

MELANIE REED
DISTRICT CLERK
ELLIS COUNTY, TX

TO:  NARSTCO INC
REG AGENT JERRY R. GIBSON JR
700 N. PEARL STREET, 25TH FLOOR
DALLAS, TX 75201

Defendant, in the hereinafter styled and numbered cause: 77338

You are hereby commanded to appear before 40TH JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the petition of Plaintiff at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number 77338 styled

WALDO PEREYDA
-VS-
NARSTCO, INC.

Filed in said court on the 10/10/2008

The name and address of the attorney for plaintiff, or the address of the plaintiff is: SCHULMAN, JOHN E., 6440 N. CENTRAL EXPWY, STE 210, DALLAS, TX 75206;

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 10th day of October, 2008.

Melanie Reed, District Clerk
1201 N Hwy 77 Suite 103
Waxahachie, TX 75165

SEAL

By _____
Mary Taylor Hinds, Deputy

**OFFICER'S RETURN**

Came to hand at _3:00_ o'clock _PM_ on the _14_ day of _OCTOBER_ 20___. Executed at _1722 NORTH ST, #1560 DALLAS, TX_ in the COUNTY OF ELLIS, at _9:55_ o'clock _A_ M. on the _15_ day of _OCTOBER_ 20_08_, by delivering to NARSTCO INC, REG AGENT JERRY GIBSON, Defendant in person a true copy of this citation together with the accompanying copy(ies) of the petition attached thereto and I endorsed on such copy of citation the date of delivery . To certify which I affix my hand officially this _____ day of _____, 20___.

FEE:

$ _____

_MICHAEL FENNELL_

_SCH 2558_     SHERIFF / CONSTABLE / PRIVATE SERVICE
_DALLAS_          County, Texas

_Michael Fennell_      Deputy
_AUTHORIZED PERSON_



CAUSE NO. 77338

| | | |
|---|---|---|
| WALDO PEREYRA, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | ELLIS COUNTY, TEXAS |
| | § | |
| NARSTCO, INC, | § | 40TH JUDICIAL DISTRICT |
| Defendant. | § | |

FILED FOR RECORD
2008 NOV 10 AM II: 16
MELANIE REED
DISTRICT CLERK
ELLIS COUNTY, TX

## DEFENDANT'S ORIGINAL ANSWER

Defendant NARSTCO, Inc. ("NARSTCO") answers Plaintiff's Original Petition (the "Petition") as follows:

## I. GENERAL DENIAL

NARSTCO generally denies the allegations in the Petition and demands strict proof of them according to law. TEX. R. CIV. P. 92.

## II. DEFENSES

1.    Plaintiff was, at all times relevant to this lawsuit, an at-will employee.

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.    Plaintiff's claims are barred, in whole or in part, by the estoppel doctrine.

4.    Any claims under chapter 21 of the Texas Labor Code ("chapter 21") that arose more than 180 days before Plaintiff filed a proper charge of discrimination with the Texas Workforce Commission-Civil Rights Division ("TWCCRD"), that exceeds the scope of any such charge, or as to which no timely or proper charge was filed, are barred.

5.    Any claims under Title VII of the Civil Rights Act of 1964 ("Title VII") that arose more than 300 days before Plaintiff filed a proper charge of discrimination with the Equal

**DEFENDANT'S ORIGINAL ANSWER - Page 1**

Employment Opportunity Commission, that exceed the scope of the charge, or as to which no timely and proper charge were filed, are barred.

6. NARSTCO's actions towards Plaintiff in each instance were based on legitimate nondiscriminatory business reasons unrelated to his race or protected activity.

7. Any claims under chapter 21 are barred, in whole or in part, to the extent Plaintiff did not timely, properly, and fully exhaust his administrative remedies or satisfy the administrative prerequisites to bringing suit under chapter 21.

8. Any claims under Title VII are barred, in whole or in part, to the extent Plaintiff did not timely, properly, and fully exhaust his administrative remedies or satisfy the administrative prerequisites to bringing suit under Title VII.

9. NARSTCO exercised reasonable care to prevent and correct promptly any alleged discriminatory work environment, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by NARSTCO.

10. If Plaintiff shows that a motivating factor for any adverse employment action taken against him was his race or protected activity, NARSTCO will show that the same action would have been taken notwithstanding such motive(s), thus limiting Plaintiff's recoverable damages.

11. Any acts or omissions of NARSTCO found to be in violation of chapter 21 or Title VII were in good faith and based on reasonable grounds for believing that the acts and omissions were not unlawful, and were without malice or reckless indifference to any of the Plaintiff's protected rights.

12. If Plaintiff shows that NARSTCO took any adverse employment action against him because of his race, NARSTCO will show that such action was contrary to its policies and

**DEFENDANT'S ORIGINAL ANSWER - Page 2**

good-faith efforts to comply with chapter 21 and Title VII, such that punitive damages are not recoverable.

13.  Plaintiff's claims for assault and intentional infliction of emotional distress are barred by the exclusive-remedy provision of the Texas Workers' Compensation Act. TEX. LAB. CODE § 408.001.

14.  NARSTCO is not liable to Plaintiff for the acts of any of its employees that exceeded the scope of their employment.

15.  NARSTCO did not authorize, direct, condone, ratify, or consent to any alleged unlawful or tortious acts, if any, by its employees, of which Plaintiff complains.

16.  Plaintiff's claimed damages must be limited, or are not recoverable at all, to the extent he failed to mitigate them.

17.  Plaintiff's claimed damages must be reduced by any earnings or benefits he received that he would not have received had his employment not ended as well as any savings in expenses that he would not have obtained had the action(s) about which he complains not been taken.

18.  NARSTCO is entitled to offset any damages Plaintiff recovers in this action by the amount of any interim earnings he received during the period following the termination of his employment and the date judgment is entered.

19.  Plaintiff fails to state a claim for an award of punitive damages because he has alleged no facts to support such an award.

20.  Any award of compensatory or punitive damages under Chapter 21 must be made and limited in accordance with TEX. LAB. CODE § 21.2585.

**DEFENDANT'S ORIGINAL ANSWER - Page 3**

21.     Any award of compensatory or punitive damages under Title VII must be made and limited in accordance with 42 U.S.C. ' 1981a.

22.     Any award of punitive damages on Plaintiff's assault or intentional infliction of emotional distress claims must be made in accordance with the U.S. and Texas Constitutions and Texas law governing or limiting the recovery of such damages.

23.     NARSTCO reserves the right to raise additional defenses as may be discovered during the course of these proceedings.

## III.     REASONABLE EXPENSES

22.     Plaintiff commenced this action without reasonable grounds to believe in the merits of his claims and the claims are frivolous, unreasonable, and groundless.  Accordingly, upon dismissal of the action or judgment being entered in its favor, NARSTCO should be awarded the reasonable expenses, including attorney's fees, it necessarily incurred in defending against Plaintiff's claims.

## IV.     PRAYER

NARSTCO asks that the Court enter judgment that Plaintiff take nothing from it, that it recover from Plaintiff its costs of court, and that it have other relief, at law or in equity, to which it may be entitled.

**DEFENDANT'S ORIGINAL ANSWER - Page 4**

Dated: November 7, 2008.

Respectfully submitted:

Andrea Hyatt
    Texas Bar No. 24007419
Marc H. Klein
    Texas Bar No. 11563012

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201-2533
Telephone: (214) 969-1577
Facsimile: (214) 880-3209

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2008, the foregoing document was served by certified mail, return-receipt requested, on plaintiff's counsel of record:

John E. Schulman
Margaret K. Schulman
The Schulman Law Firm, P.C.
6440 North Central Expressway, Ste. 210
Dallas, TX 75206

Andrea Hyatt

**DEFENDANT'S ORIGINAL ANSWER - Page 5**





PEREYDA, WALDO
VS
NARSTCO INC
# 77338



PAGE _____

PLAINTIFF/PETITIONER'
DEFENDANT/RESPONDE
REPORTER:

| DATE | NOTES OF COURT |
|------|----------------|
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |
|      |                |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALDO PEREYDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| NARSTCO, INC. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S CERTIFICATE OF INTERESTED PERSONS AND ENTITIES

Pursuant to Local Civil Rules 3.1(f) and 81.1(a)(4), NARSTCO, Inc. ("Defendant")
identifies the following persons, associations of persons, firms, partnerships, corporations,
guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities known to
be financially interested in the outcome of this case:

1.  Waldo Pereyda — Plaintiff;

2.  John E. Schulman and Margaret K. Schulman, The Schulman Law Firm, P.C. —
    Counsel for Plaintiff;

3.  NARSTCO, Inc. — Defendant;

4.  North American Railway Steel Tie Corp. — Parent company of NARSTCO, Inc.;

5.  Marc H. Klein and Andrea Hyatt, Thompson & Knight LLP — Counsel for
    Defendant;

6.  Great American Insurance Company — Insurer;

7.  American Financial Group — Parent company of Great American Insurance
    Company;

8.  Sean Keightley — President, NARSTCO, Inc. and part-owner North American
    Railway Steel Tire Corp.;

9.  Ken Stephenson — part-owner North American Railway Steel Tire Corp.; and

10. Dino Piovesan — part-owner North American Railway Steel Tire Corp.

**DEFENDANT'S CERTIFICATE OF INTERESTED PERSONS AND ENTITIES – Page 1**

Dated: November 13, 2008.

Respectfully submitted:

Andrea Hyatt
    Texas Bar No. 24007419
Marc H. Klein
    Texas Bar No. 11563012

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201-2533
Telephone: (214) 969-1577
Facsimile: (214) 880-3209

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 13, 2008, the foregoing document was served by certified mail, return-receipt requested, on plaintiff's counsel of record:

John E. Schulman
Margaret K. Schulman
The Schulman Law Firm, P.C.
6440 North Central Expressway, Ste. 210
Dallas, TX 75206

Andrea Hyatt

999999 999999 DALLAS 2420972.1

**DEFENDANT'S CERTIFICATE OF INTERESTED PERSONS AND ENTITIES – Page 2**

ORIGINAL

**United States District Court**
**Northern District of Texas**

3-08CV2029-L

RECEIVED
NOV 13 2008
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**Supplemental Civil Cover Sheet For Cases Removed**
**From State Court**

*This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.*
*District Clerk's Office. Additional sheets may be used as necessary.*

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |-------|-------------|
   | 40th Judicial District Court of Dallas Court, Texas | 77338 |

2. **Style of Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |----------------------|-------------|
   | Plaintiff: Waldo Pereyda | John E. Schulman<br>State Bar No. 17833500<br>Margaret K. Schulman<br>State Bar No. 17833900<br>The Schulman Law Firm, P.C.<br>6440 N. Central Exprwy, Suite 210<br>Dallas, Texas 75206<br>214/361-2580 |

Defendant:                          Andrea Hyatt
NARSTCO, Inc.                       State Bar No. 24007419
                                    Marc H. Klein
                                    State Bar No. 11563012
                                    Thompson & Knight LLP
                                    1722 Routh Street, Suite 1500
                                    Dallas, Texas 75201
                                    214/969-1700

3.    **Jury Demand:**

Was a Jury Demand made in State Court?        ☐ Yes        ☒ No

If "*Yes*," by which party and on what date?

_____          _____
Party                                          Date

4.    **Answer:**

Was an Answer made in State Court?            ☒ Yes        ☐ No

If "*Yes*," by which party and on what date?

Defendant_____          November 10, 2008\_\_\_
Party                                          Date

5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

  **Party**                              **Reason(s) for No Service**

None

6.   **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

    **Party**                                          **Reason**

None.

7.   **Claims of the Parties:**

Defendant submits the following summary of the remaining claims of each party in this litigation:

### A. Plaintiff's Claims

Plaintiff is asserting claims for violation of (1) Title VII of the Civil Rights Act of 1964 (incorrectly referred to in Plaintiff's Original Petition as the "Equal Employment Opportunities Act"), (2) the Texas Commission on Human Rights Act, Chapter 21, Texas Labor Code, (3) 42 U.S.C. §1981, and also for (4) retaliation, (5) assault, (6) intentional infliction of emotional distress, (7) breach of contract, and for attorney's fees and expenses.

### B. Defendant's Defenses

Defendant denies each of the plaintiff's allegations and denies that plaintiff suffered any of the damages he claims. Defendant contends that plaintiff is entitled to none of the relief he seeks by this action. Defendant also asserts several affirmative defenses to the plaintiff's claims.

999999 999999 DALLAS 2420996.1

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Waldo Pereyda

**DEFENDANTS**
NARSTO, Inc.

**3-08 C V 2 0 2 9 - L**

RECEIVED
NOV 13 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(b)** County of Residence of First Listed Plaintiff ___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John E. Schulman, The Schulman Law Firm, P.C., 8440 N. Central Exprwy, Suite 210, Dallas, TX 75206, (214) 361-2580

Attorneys (If Known)
Andrea Hyatt and Marc H. Klein, Thompson & Knight LLP

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: 28 U.S.C. § 1331. Plaintiff alleges claims for violation of the Title VII and 42 U.S.C. Sec. 1981

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) PENDING OR CLOSED** (See instructions):   JUDGE ___   DOCKET NUMBER ___

DATE
Nov. 13, 2008

SIGNATURE OF ATTORNEY OF RECORD
*Andrea Hyatt*

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |