UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WALDO PEREYDA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:08-CV-2029-L |
| § | |
| NARSTCO, INC., AND DAVID STEWART § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Waldo Pereyda, and hereby files this, his First Amended Complaint complaining of Defendant NARSTCO, Inc. and Defendant David Stewart. In support of his claims, Plaintiff respectfully states:

### I.
### DISCOVERY CONTROL

1. This suit is now governed by a federal docket control Order.

### II.
### INTRODUCTION

2. This is a civil rights case alleging unlawful race and national origin discrimination and unlawful retaliation. Plaintiff also alleges that he was assaulted on multiple occasions and subjected to intentional infliction of emotional distress.

### III.
### PARTIES

3. Plaintiff Waldo Pereyda is an Hispanic American male, and is an adult individual who resides in Ennis, Ellis County, Texas.

4a. Defendant NARSTCO, Inc., is a Texas corporation which at all times relevant to this lawsuit was licensed to do business in the state of Texas. Defendant has been served, answered and removed this case to the United States District Court. Defendant is in the business of manufacturing steel railroad ties and accessories.

4b. Defendant David Stewart is an individual Defendant who is alleged below to have engaged in tortious misconduct. Defendant Stewart may be served at the NARSTCO Midlothian plant, located at 300 Ward Road, Midlothian, TX 76065.

## IV.
## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. §1331. Venue is proper in this Court, because all or a substantial part of the acts or omissions giving rise to the claims occurred within the geographical boundaries of the United States District Court for the Northern District of Texas, and because Defendant has its principal place of business in the Northern District of Texas.

## V.
## PROCEDURAL HISTORY

6. Plaintiff Pereyda filed a timely charge of discrimination and subsequently received notice of his right to file a lawsuit from the Texas Workforce Commission, Civil Rights Division on August 11, 2008. Plaintiff Pereyda has therefore satisfied all the prerequisites for filing this lawsuit and this suit was timely filed.

## VI.
## STATEMENT OF FACTS

7. At all times relevant to this action, Plaintiff Pereyda was an employee of the Defendant NARSTCO, Inc.

PLAINTIFF'S 1st AMENDED COMPLAINT-PEREYDA

8. Plaintiff was originally hired to work for Defendant as a temporary employee. Upper management considered him to be extremely reliable and honest and he was ultimately hired as a regular employee. Plaintiff worked on a production line supervised by Mr. David Stewart.

9. Supervisor Stewart is a white-Anglo male. He was known by upper management to assign the dirtiest and least desirable jobs to Waldo Pereyda, Hispanic, and co-worker Maldonado Davenport, who is African-American, but that discriminatory practice never stopped. It was reported to upper management that Supervisor Stewart referred to the Plaintiff as a "dumb, fat Mexican" and to Maldonado Davenport as a "lazy nigger," but Stewart never stopped using racial slurs. Supervisor Stewart was also known by upper management to lie specifically about whether Plaintiff was stirring up trouble and complaining about holiday hours. (It was Supervisor Stewart himself who was complaining). Supervisor Stewart was, in fact, known by upper management to lie repeatedly.

10. While Plaintiff was still employed, co-owner Sean Keightly was asked to authorize diversity training at the Midlothian plant. This request was made, in part, because of the known racist behavior by Supervisor David Stewart. Mr. Keighty's response was *"That crap is not necessary here."*

11. Beginning on or about April 10, 2007, and continuing until Plaintiff's termination, Supervisor David Stewart engaged in a barrage of verbal and physical tortious misconduct and race and national origin based harassment of Plaintiff Waldo Pereyda. The verbal harassment included calling Plaintiff Pereyda a *"stupid wetback,"* a *"big dumb-ass Mexican," "South of the Border,"* a *"Shreck wetback," "good for nothing wetback - a bitch is smarter than you,"* a *"red bloody tampon,"* a *"dumb Mexican,"* a *"stupid fuck,"* and a *"stupid wetback."* He also told Plaintiff Waldo Pereyda that he and Mr. Keightly had decided *"not to hire any more wetbacks."*

**PLAINTIFF'S 1st AMENDED COMPLAINT-PEREYDA**

He frequently made racist remarks about Mexicans and blacks in general. Supervisor Stewart engaged in similar verbal racist abuse directed towards Maldonado Davenport, but not did direct similar verbal abuse towards white-Anglo employees.

12. The barrage of harassment directed at Plaintiff Waldo Pereyda by Supervisor Stewart was physical as well as verbal including, but not limited to, the following specific examples:

- Supervisor Stewart repeatedly made gestures with his hands and body indicating that he wanted to engage in sexual acts with Plaintiff.

- Supervisor Stewart approached Plaintiff from his blind eye side on more than one occasion and pushed a crowbar towards and up and into the cleft of Plaintiff's buttocks.

- Supervisor Stewart manipulated the controls on the punch press so that Plaintiff was sprayed with coolant.

- Supervisor Stewart made a noose, showed it to Plaintiff and attempted to lasso him with it. (When that effort failed, Stewart released the noose, and then caught and hog-tied African-American employee Maldonado Davenport, lifted him off of the floor, then dropped him to the floor while Maldonado Davenport was still hog-tied.)

- Supervisor Stewart slapped and grabbed Plaintiff on the buttocks on several occasions.

- Supervisor Stewart threw heavy metal slugs and banding clips at Plaintiff, at times, striking Plaintiff's body.

- Supervisor Stewart sprayed Plaintiff's shirt and pants in the buttocks area with spray paint.

- Supervisor Stewart sprayed WD-40 on Plaintiff while Plaintiff was working under a table.

- Supervisor Stewart ordered Plaintiff to clean the inside of the spade press while it was still turned on.

- Supervisor Stewart sprayed Fastenal SharpCool Synthetic Fluid mixture on Plaintiff, aiming towards his eyes, knowing that Plaintiff was already blind in one eye.

- Supervisor Stewart ordered Plaintiff to take the last piece of product off the crop (cutting) press while the press was still operating.

- Supervisor Stewart tried to place a dead rat down the front of Plaintiff's shirt.

PLAINTIFF'S 1st AMENDED COMPLAINT-PEREYDA

- Supervisor Stewart ordered Plaintiff to remove his safety equipment and use a metal torch to cut scrap metal, which resulted in Plaintiff suffering burns on his scalp and arms.

- Supervisor Stewart put hot metal shavings down Plaintiff's back.

- Supervisor Stewart insisted that Plaintiff, a diabetic who needed to keep his feet dry, work in the rain.

- Supervisor Stewart pinched Plaintiff's nipples.

As evidenced by the partial list above, harassment of Waldo Pereyda by Supervisor Stewart was severe and pervasive.

13. Supervisor Stewart engaged in similar racist and tortious physical misconduct directed towards other minority employees but not white-Anglo employees. Seeing and hearing the barrage of harassment by Supervisor Stewart, some other employees also engaged in verbal and physical race and natural origin based harassment of Plaintiff and other minority employees, adding to the hostile working environment suffered by Plaintiff and other minorities.

14. On or about September 27, 2007, Plaintiff made a verbal report to the Equal Employment Opportunity Commission. The next day Plaintiff returned to work and advised management that he had reported discrimination at NARSTCO, Inc. to the Equal Employment Opportunity Commission. He was fired that same day based upon falsified charges of misconduct on his part.

15. Defendant NARSTCO knew or should have known about the extensive discriminatory practices at its Midlothian, Texas, facility where Plaintiff worked.

16. Defendant NARSTCO has ratified the tortious misconduct alleged in this action.

## VII.
## CLAIMS

### Race and National Origin Discrimination

17.     As alleged above in substantial detail, Plaintiff Pereyda was the victim of many months of on-going discrimination and harassment in violation of the Texas Commission on Human Rights Act, Chapter 21, Texas Labor Code, and 42 U.S.C. §1981.

### Unlawful Retaliation

18.     As alleged above in substantial detail, Defendant also violated the Texas Commission on Human Rights Act, Chapter 21 Texas Labor Code, and 42 U.S.C. §1981, by retaliating against Plaintiff Pereyda because he opposed discrimination at his workplace.

### Assaults

19.     As alleged above in substantial detail, on multiple occasions, Defendant NARSTCO's supervisor, using the authority of his office, committed the tort of assault by offensive physical contact upon Plaintiff's person. Defendant NARSTCO is responsible for each and every incident of that tortious misconduct. Defendant has alleged in this action that Defendant David Stewart was not a supervisor and did not act for the corporation. Therefore, in the alternative, Plaintiff alleges that Defendant Stewart is responsible for his own tortious misconduct and that Defendant Stewart acted knowingly or intentionally.

### Intentional Infliction of Emotional Distress

20.     The relentless verbal and physical acts of misconduct by Defendant NARSTCO's Supervisor David Stewart as alleged above were outrageous and of such a nature that they should not be tolerated in a civilized society. The misconduct was intended to cause and did cause Plaintiff to suffer from severe emotional distress. Defendant NARSTCO is therefore responsible

for the tort of intentional infliction of emotional distress. Defendant has alleged in this action that Defendant David Stewart was not a supervisor and did not act for the corporation. Therefore, in the alternative, Plaintiff alleges that Defendant Stewart is responsible for his own tortious misconduct.

## VIII.
## EXEMPLARY AND PUNITIVE DAMAGES

21. Each Defendant has acted with conscious indifference to the rights, safety, or welfare of the Plaintiff Waldo Pereyda and with actual subjective awareness that its conduct would likely cause harm to the Plaintiff. Alternatively, each Defendant acted with the degree of malice necessary to support an award exemplary and punitive damages and such damages should be awarded in this case for the good of the public to make an example of each Defendant and to punish each Defendant for its malicious misconduct.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial of this matter, that he be granted the following relief:

a) economic damages;

b) reinstatement or front pay;

c) back pay;

d) loss of earning capacity;

e) damages for emotional distress and loss of enjoyment of life;

f) damages for physical distress and pain;

g) punitive damages;

h) exemplary damages;

PLAINTIFF'S 1st AMENDED COMPLAINT-PEREYDA

    i)    attorney's fees and costs;

    j)    equitable injunctive relief;

    k)    interest on his judgment; and

    l)    any such further relief as this Court may deem just and proper.

Respectfully submitted,

John E. Schulman
SBN 17833500
Margaret K. Schulman
SBN 17833900
THE SCHULMAN LAW FIRM, P.C.
6440 North Central Expressway, Ste 210
Dallas, Texas 75206
214-361-2580 telephone
214-361-6580 facsimile
jschulman@schulmanlaw.com
COUNSEL FOR PLAINTIFF

PLAINTIFF'S 1st AMENDED COMPLAINT-PEREYDA

## CERTIFICATE OF SERVICE

I certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing document was served on Defendant's counsel of record via the Court's Electronic Filing System and U.S. Mail.

Andrea Hyatt
THOMPSON & KNIGHT, LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Tel: (214) 969-1577
Fax: (214) 880-3158
VIA:
    __x__ ELECTRONIC FILING SYSTEM [ECF]
    _____ CERTIFIED MAIL/RETURN RECEIPT REQUESTED
    _____ TELEFACSIMLE TRANSMISSION [FAX: (214) 880-3158]
    __x__ REGULAR MAIL
    _____ UPS
    _____ COURIER/RECEIPTED DELIVERY
    _____ HAND DELIVERY

On this __4th__ day of May, 2009.

John E. Schulman

PLAINTIFF'S 1st AMENDED COMPLAINT-PEREYDA